IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NICE-PAK PRODUCTS, INC. and ) <br> COSTCO WHOLESALE CORP. ) <br> ) <br> ) <br> Defendants/Counterclaimants, ) <br> ) <br> v. ) <br> ) <br> TWIN CITY FIRE INSURANE COMPANY, ) <br> ) <br> Counterclaim Defendant. ) <br> ) | Case No. 1:23-cv-05512 (CM) (OTW) <br><br> **STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

**THIS MATTER** having been brought before the Court by Plaintiff, Federal Insurance Company, by and through its attorneys, by Defendants/Counterclaimants, Nice-Pak Products, Inc. and Costco Wholesale Corp., by and through their attorneys, and Counterclaim Defendant, Twin City Fire Insurance Company, by and through its attorneys (collectively, the "Parties"), for the entry of an Order governing the dissemination and use of certain confidential material, and the Parties having consented to the form and entry of this Stipulated Protective Order (the "Protective Order"), and for good cause shown:

**IT IS** on this 28th day of August, 2024:

**ORDERED:**

1. Any Party or any non-party to this action that is subpoenaed for documents or testimony in this action shall have the right to designate as "Confidential" and subject to this Protective Order any information, document, electronically stored information ("ESI") or thing, or portion of any document or thing: (a) that contains private or confidential information, including personal information, or (b) that contains information received in confidence from third parties.

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

Any Party or any third party covered by this Order who produces or discloses any Confidential Material, including without limitation any information, document, ESI, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential Material").

2. All Confidential Material shall be used by the receiving Party solely for purposes of the prosecution or defense of this action (including any appeals) and the adjustment of the claims for coverage at issue in this action, and shall not be used by the receiving Party for any other business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court.

3. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the Parties' outside law firms) and relevant in-house counsel for the Parties;

   b. Outside experts or consultants retained for purposes of this action, provided that any such person first executes the Acknowledgment attached here as Exhibit A;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the persons enumerated in ¶¶ 3(a) and 3(b);

   d. The Court and court personnel;

   e. Any deponent or witness while being examined in this action;

   f. Vendors retained by or for the Parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, document review and data hosting platforms, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff,

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

    stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

  g. The Parties, including their executives, officers, managers, employees, agents or claims administrators, as well as the Parties' respective auditors, regulators, reinsurers, or retrocessionaires.

  h. Other persons only by written consent of the producing Party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall first execute the Acknowledgment attached here as Exhibit A.

  4. Confidential Material shall be used only by individuals permitted access to it under Paragraph 3. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the Party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

  5. With respect to any depositions that involve a disclosure of Confidential Material of a Party to this action, such Party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other Party that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the Parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3 above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3.

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

6. If counsel for a Party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

   a. Counsel for the objecting Party shall serve on the designating Party a written objection to such designation identifying the specific documents or information for which a designation is objected.

   b. Counsel for the designating Party shall respond in writing to such objection within fourteen (14) days, and shall state with particularity the grounds for asserting that the document or information is Confidential.

   c. If no timely written response is made to the objection, the challenged designation will be deemed to be void.

   d. If the designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

   e. If a dispute as to the Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court pursuant to the Court's rules. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. Any document designated Confidential or any pleading, brief, or memorandum which reproduces, paraphrases, or discloses such material, shall only be filed with the Court by a Party if that Party takes appropriate action to ensure that the document receives proper protection from public disclosure by filing the document under seal electronically to CM/ECF. Unredacted copies of the documents containing Confidential information and filed under seal pursuant to this Paragraph 7 must be served upon all counsel of record via email at the time of their filing under seal.

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for the Party to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Protective Order.

9. No information that is in the public domain or which is already known by the receiving Party through proper means or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material under this Protective Order.

10. This Protective Order shall not deprive the Parties of their right to object to discovery on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

11. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written agreement of the Parties.

12. Upon final conclusion of this action by dismissal, final judgment, disposition on appeal, or settlement, each Party or other individual subject to the terms hereof shall maintain all Confidential Material in confidence pursuant to the terms of this Protective Order, and may destroy

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

the Confidential Material in the ordinary course of business pursuant to document retention and destruction policies of the respective Parties and individuals and their counsel.

13. **Non-Waiver Pursuant to Federal Rule of Evidence 502**. The production of documents, ESI, information or other material subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity ("Privileged Information"), whether inadvertent or otherwise, does not constitute a waiver of any applicable privilege or protection from discovery in this action or in any other federal or state proceeding.

   a. Upon discovery by a producing Party that it did or may have inadvertently produced Privileged Information, the producing Party shall request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the receiving Party or Parties. Such notice must be made in writing within twenty (20) business days of the earliest of: (a) the producing Party's discovery of the inadvertent production; (b) any Party's use of the document in a deposition or motion; or (c) specific reference to the document by any Party in correspondence or a court filing. If notice is not made within this time, the producing party shall not be entitled to the return of the document or information.

   b. The Clawback Letter shall (i) identify the documents or ESI in question by Bates number or otherwise; and (ii) identify the basis on which the privileged information should have been withheld from production.

   c. Upon receipt of a Clawback Letter, the receiving Party shall promptly return, destroy, or delete all documents or ESI containing Privileged Information identified in the letter, and all reproductions or summaries thereof, regardless

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

of whether the receiving Party plans to challenge the claim of privilege. The receiving Party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information. The producing Party shall, within ten (10) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

d. If a receiving Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing Party and provide the basis for disputing the privilege claim in writing. The producing Party must sequester any such documents and fully preserve the document and information claimed to be privileged or otherwise protected until the claim is resolved. Thereafter, the Parties shall meet and confer in a good faith attempt to resolve the dispute within fourteen (14) days of the producing Party being notified of the disputed claim of privilege unless the Parties agree to a longer period of time.

e. In the event that the Parties do not resolve their dispute, the producing Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the producing Party shall submit to the Court, under seal and for *in camera* review, a copy of the disputed Privileged Information in connection with its motion papers. This in camera submission to the Court shall not constitute a waiver of any privilege or protection. Any motion to determine whether a privilege applies shall be filed no later than thirty (30) days after the Parties meet and confer. If the producing Party does not file its motion within this time, the producing Party's intent to waive the privilege or protection is

7

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

inferred and the receiving Party will be entitled to rely on the document's status as non-privileged and non-protected. All documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the Parties. The obligations of the Parties set forth in this section apply irrespective of the care taken by the producing Party to prevent inadvertent disclosure.

e. Except as expressly set forth herein, nothing in this section, or elsewhere in this Protective Order, shall limit the bases on which a receiving Party may challenge the assertion of any privilege or protection by the producing Party.

f. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

g. Nothing herein shall prevent the receiving Party from challenging the propriety of the attorney-client privilege or work product privilege or other applicable privilege or immunity designation by submitting a written challenge to the Court, but such a challenge does not relieve a receiving Party of its obligation to return or delete materials pursuant to sub-part (c) above, and the receiving Party shall not assert as a basis for the challenge the fact or circumstances of the prior production of those materials. If the receiving Party submits such a challenge to the Court, the producing Party must promptly present the material to the Court under seal for a determination of the claim.

h. The receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for

8

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

   any purpose until the matter is resolved by agreement of the Parties or by the Court.

 i. In addition to any other obligation to preserve documents, the producing Party must preserve any documents recalled under this Paragraph for the duration of this litigation.

14. **PURSUANT TO THE COURT'S STANDING ORDER, THE FOLLOWING IS MADE A PART OF THIS PROTECTIVE ORDER:**

 a. The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

 b. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

c. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Dated: August 28, 2024

Hon. Ona T. Wang
U.S.M.J.

**The undersigned consent to the form and entry of this Order:**

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

CALFEE, HALTER & GRISWOLD LLP
K. James Sullivan (*pro hac vice*)
Matthew A. Chiricosta (*pro hac vice*)
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
Phone: (216) 622-8200
Fax: (216) 241-0816
kjsullivan@calfee.com
mchiricosta@calfee.com

*Attorneys for Defendants/Counterclaimants, Nice-Pak Products, Inc. and Costco Wholesale Corporation*

*/s/ Matthew A. Chiricosta*
Matthew A. Chiricosta

Dated: August 27, 2024

TRESSLER LLP
Todd Schenk (*pro hac vice*)
233 S. Wacker Drive, 61st Floor
Chicago, IL 60606
O: (312) 627-4193
TSchenk@tresslerllp.com

TRESSLER LLP
Anthony Michael Tessitore
163 Madison Avenue, Ste 404
Madison, NJ 07960
O: 973-848-2905
atessitore@tresslerllp.com

*Attorneys for Plaintiff/Counter Defendant/Counterclaimant Federal Insurance Company*

*/s/ Anthony M. Tessitore*
Anthony M. Tessitore

Dated: August 27, 2024

GIMIGLIANO MAURIELLO & MALONEY, P.A.
Stephen V. Gimigliano
Robin Rabinowitz
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, NJ 07962-1449
Phone: (973) 946-8360
Fax: (973) 946-8252
sgimigliano@lawgmm.com
rrabinowitz@lawgmm.com

*Attorneys for Counterclaim Defendant Twin City Fire Insurance Company*

*/s/ Stephen V. Gimigliano*
Stephen V. Gimigliano

Dated: August 27, 2024

11

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

12

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,                )<br>                                                                  )<br>             Plaintiff,                              )<br>      v.                                                    )<br>                                                                  )<br>NICE-PAK PRODUCTS, INC. and         )<br>COSTCO WHOLESALE CORP.             )<br>                                                                  )<br>                                                                  )<br>             Defendants/Counterclaimants,   )<br>                                                                  )<br>      v.                                                    )<br>TWIN CITY FIRE INSURANE COMPANY, )<br>                                                                  )<br>             Counterclaim Defendant.          )<br>                                                                  ) | Case No. 1:23-cv-05512-CM<br><br>Judge Colleen McMahon<br><br>**ACKNOWLEDGMENT** |

### EXHIBIT A

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understand the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Dated:                                                            Name:

© 2024 by The Hartford. Classification: Company Confidential. No part of this document may be reproduced, published, or used without the permission of The Hartford.