UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

FEDERAL INSURANCE COMPANY,

          Plaintiff,

   -against-                                      23-cv-5512 (CM)

NICE-PAK PRODUCTS, INC. and
COSTCO WHOLESALE CORP.,

          Defendants/Counterclaimants,

   -against-

TWIN CITY FIRE INSURANCE COMPANY,

          Counterclaim Defendant.

------------------------------------------------------------x

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS
WITHOUT PREJUDICE AND DIRECTING DEFENDANTS/COUNTERCLAIMANTS
TO REFILE SAID MOTION AND ALL PARTIES TO INCLUDE APPROPRIATE
RECORD CITATIONS AND SEPARATELY NUMBERED EXHIBITS**

McMahon, J.:

Plaintiff, Federal Insurance Company ("Federal"), brought this insurance coverage dispute against Defendants Nice-Pak Products, Inc. ("Nice-Pak") and Costco Wholesale Corp. ("Costco") in June 2023, asking for a declaratory judgment that Federal "owes no duty, under certain commercial general liability insurance policies issued to [Nice-Pak], to indemnify Nice-Pak and putative additional insured, [Costco] for a settlement of an underlying consumer class action involving Nice-Pak's 'flushable' wipes products." (Dkt. # 1 (the "Complaint"))

The underlying class action lawsuit was filed in the United States District Court for the Eastern District of New York on February 21, 2014, and has proceeded for over a decade – first before Judge Weinstein and now before Judge Chen. (*See* Complaint, *Kurtz v. Kimberly-Clark*

*Corp., et al.*, No. 1:14-cv-01142 (the "Underlying Action") (E.D.N.Y. Feb. 21, 2014), ECF No. 1) The Underlying Action is ongoing. Judge Chen held a Final Settlement Approval Hearing on August 30, 2024, during which she reserved judgment on final approval of the settlement and ordered the parties to submit billing records in support of their attorneys' fee requests. (*See* Minute Entry, Underlying Action (E.D.N.Y. Aug. 30, 2024))

Federal argues that the two Commercial General Liability policies issued to Nice-Pak do not obligate them to fund any class action settlement in the Underlying Action. These policies were issued for the following policy periods: (i) July 1, 2010 to August 15, 2011 and (ii) August 15, 2011 to August 15, 2012. (*See* Complaint ¶ 17)

Federal claims to have attached true and correct copies of the insurance policies as Exhibits 5 and 6 to the Complaint. (*See id.* ¶ 17) That does not appear to be the case. Exhibit 5 was filed in eight sub-parts of approximately 100 pages each; Exhibit 6 was filed in two sub-parts of approximately 100 pages each. There may well be portions of an insurance policy somewhere in these 1,000 pages, but I cannot locate critically important sections that are part of every insurance policy – for example, neither exhibit seems to contain a complete "definitions" section, which I am prepared to wager that no insurance policy is without, and from which Plaintiff purports to quote in the complaint. (*See id.* ¶¶ 18-19) There is no central table of contents (often found when policies are very large) and no index. Furthermore, in their papers in support of and in opposition to the motion, neither Plaintiff nor Defendants inserts any page citations; Defendants, in their briefs, provide only generic citations to Plaintiff's exhibits, without including specific page numbers. (*See, e.g.*, Dkt. # 44 at 6-7)

Perhaps the parties think otherwise, but it is not my job to do their work. "[T]he Court is under no obligation to scour the exhibits attached to a complaint with no guidance as to which

specific allegations are intended to be deemed incorporated . . . . This is particularly true where, as here, the plaintiff is represented by counsel." *McClean v. Cnty. of Westchester*, No. 17-CV-4492, 2018 WL 6329420, at *5 (S.D.N.Y. Dec. 3, 2018) (internal citations omitted), *aff'd sub nom. McClean v. City of Mount Vernon*, 776 F. App'x 725 (2d Cir. 2019). I am similarly not required to try to find in a thousand pages of paper a reference that is not properly identified – although my law clerk has already spend a great deal of time trying to do precisely that.

There is another problem with the record on the pending motion. In September 2023, Defendants sought leave to join a second insurance provider, Twin City Fire Insurance Company ("Twin City" and together with Federal, the "Insurers") as a counterclaim defendant. (*See* Dkt. # 23) Defendants counterclaimed against both Insurers, alleging breach of contract and seeking declaratory judgments against each, stating that the Insurers are obligated under their respective policies to defend and indemnify Defendants in the Underlying Action. (*See* Dkt. # 25) I granted the motion for joinder in December 2023. (*See* Dkt. # 37) Defendants' counterclaims allege that Twin City issued three Commercial General Liability policies to Nice-Pak with the following policy periods: (i) August 15, 2012 to August 15, 2013; (ii) August 15, 2013 to August 15, 2014; (iii) August 15, 2014 to August 15, 2015. (*See* Dkt. # 25 at ¶ 24) Defendants attach to their answer what they claim to be a true and accurate copy of the 2014-15 Twin City Policy. (*See* Dkt. # 25 at ¶ 24; Dkt. # 25-1) Defendants allege, upon information and belief, that the 2012-13 and 2013-14 policies are "substantially identical" to the 2014-15 policy. (Dkt. # 25 at ¶ 24) However, they do not provide copies of the policies and they offer an insufficient basis for their "information and belief" that the policies are substantially identical. Twin City has also not provided copies of the missing policies, though it undoubtedly has them in its files. I disagree with Defendants' claim that

Twin City's pointing out the fact that there is no copy of these policies in the record is just "a diversion." (Dkt. # 67 at 1)

Defendants' pending motion for judgment on the pleadings is denied, given the state of the record. It is denied without prejudice. Defendants have 20 business days from today to refile their motion, and to deliver a courtesy copy (that means a hard copy, not a digital copy) to my chambers. Opposing parties have 14 business days to file opposition papers, and Defendants have 7 business days to file replies. *There will be no extension of these deadlines*. The parties have already briefed the issues; what they need to do is include appropriate citations to the record.

Just so counsel understand what is expected of them: every reference to a policy provision in a brief must be accompanied by a citation to the relevant page or pages of that policy. And so that the court can easily locate the relevant page or pages: attached to a supporting affidavit or declaration, each party must provide me with copies of those cited pages – a different exhibit number for each citation. So, for example, if (as Plaintiff contends) the definition of the term "property damage" in the Federal policies mandates that Defendants' motion for judgment on the pleadings must be denied, it must provide me, as a separately numbered exhibit to someone's affidavit or declaration, with a copy of the page of the policy that includes that definition – not simply a citation back to an unsupported statement in the Complaint. (*See* Dkt. # 59 at 4) Additionally, someone must provide me with copies of the Twin City Policies covering the period 2012-13 and 2013-14. If, as Defendants claim in their Reply Brief, "Twin City produced all three Policies last week," then they should be easy to provide. (Dkt. # 67 at 1 n.2)

## CONCLUSION

Defendants' motion for judgment on the pleadings is DENIED without prejudice to renewal on the terms and conditions cited above. The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 43.

Dated: October 30, 2024

                                                    U.S.D.J.

BY ECF TO ALL COUNSEL